UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

MELLA DENISE WILLIAMS                              CASE NO. 19-11303
    DEBTOR                                         CHAPTER 7

**MEMORANDUM OPINION**

Debtor Mella Denise Williams and the Federal Emergency Management Agency ("FEMA") filed a stipulation on March 25, 2020, in which the Debtor agreed that her $5,015.50 debt to the government is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).[1] The court granted the Debtor's discharge before it considered the parties' stipulation. FEMA now asks for approval of the stipulation.

**FINDINGS OF FACT**

Debtor filed chapter 7 on November 4, 2019, and creditors had until February 10, 2020, to sue to challenge dischargeability of a debt under 11 U.S.C. § 523.[2] On FEMA's motion, the court extended that time through March 11, 2020,[3] and again through March 25, 2020.[4]

Instead of filing a complaint in compliance with Bankruptcy Rule 7001, on March 25, 2020, FEMA filed a document titled "Stipulation and Order" – essentially a proposed consent judgment.[5] The stipulation, which included a blank for the judge's signature, did not come to

---

[1] P-21.

[2] P-6, p. 2.

[3] P-13, 15.

[4] P-17, 19.

[5] P-21.

chambers' attention at that time because the mover did not submit a proposed form of order approving the stipulation.[6] Because chambers did not know of the parties' stipulation and request for entry of a judgment consistent with it,[7] the court discharged the Debtor on March 31, 2020, and closed the case.[8]

After FEMA's counsel inquired about the stipulation and sought-after judgment, the court directed it to file a memorandum addressing the court's ability to consider the stipulation after entry of the discharge.[9] FEMA moved to reopen the case[10] and submitted a memorandum of law. Debtor has no objection to entry of the consent judgment.

The court reopened the case[11] and took under advisement the post-discharge approval of the stipulation.

## ANALYSIS

**FEMA and Debtor waived the right to an adversary proceeding.**

Fed. R. Bankr. P. 7001(6) provides that "a proceeding to determine the dischargeability of debt" is initiated by complaint in an adversary proceeding governed by Part VII of the Federal Rules of Bankruptcy Procedure.

FEMA did not file a complaint as Bankruptcy Rules require, even after obtaining two extensions to do so. It now argues that "the parties mutually recognized a valid claim under

---

[6] Local Rule 9013-5 requires submission of proposed orders and judgments to chambers by email. The email alerts the court to the filing of a motion or other document requiring attention.

[7] P-19.

[8] P-23.

[9] P-25.

[10] P-27.

[11] P-29.

§523(a)(2)(A), and opted to conserve judicial resources by negotiating a beneficial settlement."[12] But FEMA cites no support for the proposition that parties' stipulation alone will except a debt from discharge without court action.[13]

The Fifth Circuit, on different facts, held in *Matter of Zale Corp.*[14] that parties may waive their right to an adversary proceeding "if 'the parties are apprised of and have a chance to address all the issues being decided.' "  The parties here reached an agreement disposing of their dispute as to all issues without an adversary proceeding.  Because this settlement determines dischargeability under section 523, rather than discharge of all debts under section 727, the dispute is a two-party controversy, affecting no other parties in this no asset case.

FEMA contends that the stipulation was timely because it was filed before the deadline for objecting to dischargeability and the entry of Debtor's discharge.  It argues that because the parties' agreement was placed in the record before entry of discharge, no party in interest will be prejudiced by post-discharge approval of the stipulation.[15]  FEMA's counsel admits his error in not submitting a proposed order approving the stipulation as the Local Rules require and implores the court to allow him to correct it.

---

[12] FEMA's Memorandum in Support of *Ex Parte* Motion to Re-Open Case for Limited Purpose [P-27], p. 7.

[13] There is limited authority supporting a determination of dischargeability without a complaint.  In *In re Hayes*, 2012 WL 12875619, n. 7 (Bankr. S.D. Ohio 2012), the court stated:

> Agreed orders between a debtor and creditor concerning dischargeability occasionally are entered without the filing of an adversary proceeding.  An old legal maxim is appropriate: "The law will not require the doing of a vain or useless thing."  *Grider v. Travelers Indem. Co*., 315 F.Supp. 616, 617 (C.D. Tenn. 1969); [s]ee also *Hettrick Mfg. Co. v. Waxahachie Cotton Mills*, 1 F.2d 913, 920 (6th Cir. 1924); *Sudduth v. Storm King Coal Co*., 268 F.433 442 (6th Cir. 1920).

[14] *Matter of Zale Corp*., 62 F.3d 746, 764 (5th Cir. 1995) (quoting *In re Haber Oil Co*., 12 F.3d 426, 440 (5th Cir. 1994)).

[15] FEMA's Certificate of Service accompanying the Stipulation [P-22] states that it served the Stipulation on the Debtor and her counsel, the chapter 7 trustee and the United States Trustee.

This agreement came at the threshold of the COVID-19 pandemic and closure to the public of the courts and most federal offices, including the Office of the United States Attorney for the Middle District of Louisiana. Given that and the agreement of the only two parties to the dispute, failure to raise the issue by way of complaint does not preclude the settlement.

### Debtor's debt to FEMA has not been discharged.

Section 350(b) provides that "[a] case may be reopened … to accord relief to the debtor, or for other cause." This affords the court the ability to enter post-discharge orders that are related to pre-petition claims. For example, the court may grant (or deny) a post-discharge motion by a debtor to amend schedules to add assets or to avoid a lien.

The order of discharge entered in this case provides that "some debts are not discharged," including "debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case."[16] "The discharge in bankruptcy is issued subject to any timely filed complaint objecting to dischargeability of a particular debt."[17] Therefore, if an objection to dischargeability is pending when discharge is entered, the discharge does not apply to the debt that is the subject of the objection.

The stipulation as to dischargeability had been filed when discharge was entered. No one is prejudiced by the parties' agreeing on dischargeability without filing an adversary proceeding under the circumstances surrounding this filing. Accordingly, the parties' agreement will be approved.

---

[16] P-23, p. 2.

[17] *In re Christian*, 597 B.R. 319, 321 (Bankr. N.D. Texas 2019).

**CONCLUSION**

The court has authority to approve the stipulation by FEMA and the Debtor. Counsel shall submit a proposed order within ten days of entry of this memorandum opinion.

Baton Rouge, Louisiana, June 15, 2020.

<u>s/ Douglas D. Dodd</u>
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE